ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER REQUESTING AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. WHEN A PRIVATE VOCATIONAL SCHOOL THAT IS LICENSED BY THE OKLAHOMA BOARD OF PRIVATE VOCATIONAL SCHOOLS ("BOARD") CLOSES, IS THE BOARD REQUIRED TO TAKE POSSESSION OF THE SCHOOL'S STUDENT RECORDS?
 2. IF THE BOARD TAKES POSSESSION OF THE STUDENT RECORDS OF A LICENSED PRIVATE VOCATIONAL SCHOOL WHEN IT CLOSES, IS THE BOARD REQUIRED TO FOLLOW THE PROVISIONS OF THE OPEN RECORDS ACT, 51 O.S. 24A.1 (1991) ET SEQ., THE RECORDS MANAGEMENT ACT, 67 O.S. 201 (1991) ET SEQ., AND THE ARCHIVES AND RECORDS COMMISSION ACT, 67 O.S. 305 (1991) ET SEQ., INSOFAR AS THESE RECORDS ARE CONCERNED?
BECAUSE THESE QUESTIONS CAN BE ANSWERED BY REFERENCE TO OKLAHOMA STATUTES, THIS OFFICE HAS DECIDED TO ANSWER YOUR REQUEST FOR AN OPINION THROUGH THIS INFORMAL LETTER. THEREFORE, THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT RATHER MY CONCLUSIONS WHICH HAVE BEEN REACHED AFTER CAREFUL RESEARCH AND ANALYSIS OF THE QUESTIONS YOU HAVE RAISED.
ACCORDING TO YOUR LETTER, THE BOARD, AS A SERVICE TO THE PUBLIC, HAS BEEN PICKING UP AND STORING STUDENT RECORDS FROM DEFUNCT PRIVATE VOCATIONAL SCHOOLS THAT ARE LICENSED BY THE BOARD. BY TAKING POSSESSION OF THE RECORDS, THE BOARD HAS BEEN ABLE TO FURNISH UNOFFICIAL TRANSCRIPTS UPON REQUEST TO FORMER STUDENTS OF THE CLOSED SCHOOLS. THE BOARD HAS ALSO BEEN ABLE TO USE THE RECORDS TO DETERMINE THE AMOUNT OF TUITION REFUNDS DUE TO THE FORMER STUDENTS OF THE CLOSED SCHOOLS.
YOUR FIRST QUESTION REGARDING WHETHER THE BOARD IS REQUIRED TO TAKE POSSESSION OF AND MAINTAIN THE STUDENT RECORDS OF A LICENSED PRIVATE VOCATIONAL SCHOOL WHEN IT CLOSES IS A QUESTION THAT CAN BE ANSWERED BY AN ANALYSIS OF THE BOARD'S CONTROLLING STATUTES, 70 O.S. 21-101 THROUGH 70 O.S. 21-112 (1991).
THE BOARD HAS THE POWER TO, AMONG OTHERS THINGS, FIX MINIMUM STANDARDS FOR PRIVATE SCHOOLS, INCLUDING:
 "STANDARDS FOR COURSES OF INSTRUCTION AND TRAINING, QUALIFICATIONS OF INSTRUCTORS, FINANCIAL STABILITY, ADVERTISING PRACTICES, AND REFUND OF TUITION FEES PAID BY STUDENTS FOR COURSES OF INSTRUCTION OR TRAINING NOT COMPLETED, AND SHALL PROMULGATE AND ADOPT REASONABLE RULES AND REGULATIONS FOR THE IMPLEMENTATION OF SUCH MINIMUM STANDARDS FOR THE OPERATION OF PRIVATE SCHOOLS." 70 O.S. 21-107 (1991). THE BOARD ALSO HAS THE AUTHORITY TO LICENSE PRIVATE VOCATIONAL SCHOOLS AND IMPOSE FINES UPON PRIVATE VOCATIONAL SCHOOLS TO ENFORCE THE PROVISIONS OF 70 O.S. 21-101 THROUGH 21-112. 70 O.S. 21-103(A) AND 70 O.S. 21-103(B).
GENERALLY, A STATE AGENCY LIKE THE BOARD HAS ONLY THE POWERS GRANTED BY THE STATUTES APPLICABLE TO IT AND THE AUTHORITY TO MAKE RULES TO CARRY OUT THOSE POWERS DOES NOT MEAN THAT AN AGENCY BY RULEMAKING CAN EXTEND ITS POWERS BEYOND THOSE GRANTED BY STATUTE. OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD V. MOSS, 509 P.2D 666, 668 (OKLA.1973). ACCORDING TO ITS CONTROLLING STATUTES, THE BOARD MUST FIX MINIMUM STANDARDS FOR THE OPERATION OF PRIVATE VOCATIONAL SCHOOLS AND ADOPT REASONABLE RULES IMPLEMENTING SUCH MINIMUM STANDARDS. 70 O.S. 21-107
PURSUANT TO 70 O.S. 21-107, THE BOARD HAS PROMULGATED RULES THAT REQUIRE SCHOOLS TO MAINTAIN INDIVIDUAL RECORDS FOR EACH STUDENT ENROLLED AND THAT REQUIRE EACH STUDENT RECORD TO CONTAIN THE FOLLOWING: (1) AN ENROLLMENT AGREEMENT; (2) THE DATES THE STUDENT ENROLLED AND COMPLETED HIS OR HER COURSES; (3) THE GRADES THE STUDENT RECEIVED ON COMPLETED ASSIGNMENTS; (4) ALL MONIES OWED AND/OR PAID BY THE STUDENT TO THE SCHOOL; (5) A RECORD OF THE STUDENT'S ATTENDANCE; (6) THE STUDENT'S COUNSELING RECORDS; (7) THE STUDENT'S TRANSCRIPT; AND (8) OTHER RECORDS WHICH MAY HAVE A DIRECT BEARING ON FACTORS INVOLVING CONTINUED APPROVAL OF THE SCHOOL OKLAHOMA ADMINISTRATIVE CODE 565: 10-11-4(A). THE RULES ALSO PROVIDE THAT THE RECORDS SHALL BE READILY AVAILABLE FOR INSPECTION BY AUTHORIZED OFFICIALS OF THE BOARD. ID. AT 565: 10-11-4(B),(C).
THE MINIMUM STANDARDS IN 70 O.S. 21-107 INCLUDE STANDARDS RELATING TO COURSES OF INSTRUCTION AND REFUNDS OF TUITION. IN ORDER TO MONITOR WHETHER THESE STANDARDS ARE BEING MET, THE BOARD MUST BE ABLE TO EXAMINE INDIVIDUAL STUDENT RECORDS TO SEE WHAT KINDS OF COURSES ARE BEING OFFERED AND HOW REFUNDS ARE BEING CALCULATED. THEREFORE, IT MAY BE FAIRLY IMPLIED FROM ITS STATUTES THAT THE BOARD, IN ORDER TO CARRY OUT ITS MANDATE, CAN ESTABLISH, AS IT HAS DONE, RULES REGARDING WHAT KIND OF RECORDS A SCHOOL MUST MAINTAIN. SEE OKLAHOMA TAX COMMISSION V. FORTINBERRY CO., 207 P.2D 301 (OKLA. 1949).
THIS DOES NOT MEAN, HOWEVER, THAT THE BOARD IS REQUIRED, BY STATUTE OR RULE, TO TAKE POSSESSION OF STUDENT RECORDS WHEN A SCHOOL CLOSES. A CAREFUL READING OF 70 O.S. 21-101 THROUGH 70 O.S. 21-112, REVEALS THAT NONE OF THESE PROVISIONS INDICATE HOW STUDENT RECORDS ARE TO BE DISPOSED OF WHEN A SCHOOL CLOSES, AND IT CANNOT BE FAIRLY IMPLIED FROM THE PROVISION RELATING TO MINIMUM STANDARDS, 70 O.S. 21-107, THAT THE BOARD IS REQUIRED TO TAKE POSSESSION OF STUDENT RECORDS WHEN A SCHOOL CLOSES. ACCORDINGLY, IT IS MY OPINION THAT THE BOARD IS UNDER NO LEGAL DUTY TO PICK UP, TAKE POSSESSION OF, OR OTHERWISE MAINTAIN THE STUDENT RECORDS OF A LICENSED PRIVATE VOCATIONAL SCHOOL WHEN THE SCHOOL CLOSES.
YOUR SECOND QUESTION ARISES IF THE BOARD DOES DECIDE TO TAKE POSSESSION OF THE STUDENT RECORDS OF A LICENSED PRIVATE VOCATIONAL SCHOOL WHEN IT CLOSES. THE ISSUE BECOMES WHETHER THE BOARD, IF IT TAKES POSSESSION OF THESE TYPES OF RECORDS, IS SUBJECT TO THE STATUTORY REQUIREMENTS FOUND IN OTHER LAWS THAT REGULATE THE ACCESSIBILITY, MAINTENANCE, AND DISPOSITION OF PUBLIC RECORDS, SPECIFICALLY THE OPEN RECORDS ACT, 51 O.S. 1991, 24A.1 ET SEQ., THE RECORDS MANAGEMENT ACT, 67 O.S. 201 (1991) ET SEQ., AND THE ARCHIVES AND RECORDS COMMISSION ACT, 67 O.S. 305 (1991) ET SEQ.
THE OPEN RECORDS ACT ("ORA") MANDATES THAT ALL RECORDS OF PUBLIC BODIES AND PUBLIC OFFICIALS "SHALL BE OPEN TO ANY PERSON FOR INSPECTION, COPYING, AND/OR MECHANICAL REPRODUCTION." 51 O.S. 24A.5 (1993). THE TERM "RECORD" IS DEFINED BROADLY BY THE ORA TO INCLUDE:
 "ALL DOCUMENTS, INCLUDING, BUT NOT LIMITED TO, ANY BOOK, PAPER, . . . OR OTHER MATERIAL REGARDLESS OF PHYSICAL FORM OR CHARACTERISTIC, CREATED BY, RECEIVED BY, UNDER THE AUTHORITY OF, OR COMING INTO THE CUSTODY, CONTROL OR POSSESSION OF PUBLIC OFFICIALS, PUBLIC BODIES, OR THEIR REPRESENTATIVES IN CONNECTION WITH THE TRANSACTION OF PUBLIC BUSINESS, THE EXPENDITURE OF PUBLIC FUNDS OR THE ADMINISTERING OF PUBLIC PROPERTY." 51 O.S. 24A.3(1). PUBLIC BODY IS DEFINED BY THE ORA TO INCLUDE "ANY OFFICE, DEPARTMENT, OR BOARD, . . . SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDITURE OF PUBLIC FUNDS OR ADMINISTERING OR OPERATING PUBLIC PROPERTY." 51 O.S. 24A.3(2) (1991).
AS THE BOARD IS SUPPORTED IN WHOLE BY PUBLIC FUNDS, THE BOARD IS A PUBLIC BODY AS DEFINED BY THE ORA. WHETHER THE ORA APPLIES TO THE STUDENT RECORDS IN QUESTION DEPENDS UPON WHETHER THE STUDENT RECORDS ARE UNDER THE AUTHORITY OF THE BOARD OR IN ITS POSSESSION IN CONNECTION WITH THE TRANSACTION OF PUBLIC BUSINESS OR THE EXPENDITURE OF PUBLIC FUNDS.
AS STATED PREVIOUSLY, THE RULES OF THE BOARD REQUIRE THAT SUCH RECORDS BE KEPT. THE BOARD HAS USED SOME OF THESE RECORDS TO CALCULATE THE AMOUNT OF REFUNDS DUE TO STUDENTS WHEN A SCHOOL HAS CLOSED. THE BOARD MUST MAINTAIN MINIMUM STANDARDS REGARDING REFUNDS OF TUITION, AND CONSEQUENTLY THE STUDENT RECORDS ARE BEING USED UNDER THE AUTHORITY OF THE BOARD IN CONNECTION WITH THE TRANSACTION OF THE BOARD'S BUSINESS TO ENSURE THAT STUDENTS RECEIVE THE REFUNDS AND TO VERIFY THE AMOUNT OF REFUNDS DUE.
THE STUDENT RECORDS CAN THEREFORE BE CONSIDERED A RECORD FOR PURPOSES OF THE ORA, AND THE BOARD MUST FOLLOW THE STATUTORY REQUIREMENTS OF THE ORA IN MAINTAINING THESE RECORDS. THE ORA, HOWEVER, PERMITS THE BOARD TO KEEP THE RECORDS OR PORTIONS THEREOF CONFIDENTIAL WHEN FEDERAL LAW AND/OR OTHER RELATED LAWS SO REQUIRE. SEE A.G. OPIN. NO. 85-167; 51 O.S. 24A.16 (1991); FAMILY EDUCATIONAL AND PRIVACY ACT,20 U.S.C.A. 1232G (COMMONLY REFERRED TO AS THE BUCKLEY AMENDMENT).
WHETHER STUDENT RECORDS OF CLOSED PRIVATE VOCATIONAL SCHOOLS IN THE CUSTODY OF THE BOARD ARE ALSO RECORDS FOR PURPOSES OF THE RECORDS MANAGEMENT ACT ("RMA"), 67 O.S. 1991, 201 — 215, DEPENDS UPON AN ANALYSIS OF HOW A RECORD IS DEFINED BY THE RMA:
 "(A) "RECORD" MEANS DOCUMENT, BOOK, PAPER . . . OR OTHER MATERIAL, REGARDLESS OF PHYSICAL FORM OR CHARACTERISTICS, MADE OR RECEIVED PURSUANT TO LAW OR ORDINANCE OR IN CONNECTION WITH THE TRANSACTION OF OFFICIAL BUSINESS THE EXPENDITURE OF PUBLIC FUNDS, OR THE ADMINISTRATION OF PUBLIC PROPERTY." 67 O.S. 203(A) (1991).
ESSENTIALLY THE SAME REASONING USED TO DETERMINE WHETHER THE STUDENT RECORDS ARE RECORDS FOR PURPOSES OF THE ORA CAN BE USED IN DETERMINING WHETHER THE STUDENT RECORDS ARE RECORDS FOR PURPOSES OF THE RMA. THE RECORDS HAVE BEEN RECEIVED BY THE BOARD IN CONNECTION WITH THE TRANSACTION OF ITS PUBLIC BUSINESS TO THE EXTENT THAT THE BOARD IS REQUIRED TO SEE THAT MINIMUM STANDARDS REGARDING REFUNDS ARE MAINTAINED. THE BOARD MAY USE THE RECORDS UNDER THIS AUTHORITY AND IN THE COURSE OF ITS PUBLIC DUTIES, AND, THEREFORE, THE STUDENT RECORDS ARE ALSO RECORDS FOR PURPOSES OF THE RMA.
THE RMA PROVIDES, IN PERTINENT PART:
 "ALL RECORDS MADE OR RECEIVED BY OR UNDER THE AUTHORITY OF OR COMING INTO THE CUSTODY, CONTROL OR POSSESSION OF PUBLIC OFFICIALS OF THIS STATE IN THE COURSE OF THEIR PUBLIC DUTIES SHALL NOT BY MUTILATED, DESTROYED, TRANSFERRED, REMOVED, ALTERED OR OTHERWISE DAMAGED OR DISPOSED OF, IN WHOLE OR IN PART, EXCEPT AS PROVIDED BY LAW." 67 O.S. 209 (1991). ALTHOUGH THE BOARD IS NOT REQUIRED TO TAKE POSSESSION OF THESE RECORDS IN THE TRANSACTION OF ITS BUSINESS, THE RECORDS CANNOT BE DISPOSED OF EXCEPT AS PROVIDED BY LAW BECAUSE THE RECORDS HAVE COME INTO THE BOARD'S POSSESSION IN THE COURSE OF ITS PUBLIC DUTIES.
THE ULTIMATE AUTHORITY OVER THE DISPOSITION OF CLOSED PRIVATE VOCATIONAL SCHOOL STUDENT RECORDS IN THE POSSESSION OF THE BOARD RESTS WITH THE ARCHIVES AND RECORDS COMMISSION, BECAUSE IT HAS BEEN GRANTED "SOLE, ENTIRE AND EXCLUSIVE AUTHORITY OF THE DISPOSITION FOR ALL PUBLIC RECORDS AND ARCHIVES OF STATE OFFICERS, DEPARTMENTS, BOARDS, COMMISSIONS, AGENCIES AND INSTITUTIONS OF THIS STATE." 67 O.S. 308; SEE A.G. OPIN. NO. 93-002. TO DISPOSE OF PUBLIC RECORDS, CERTAIN PROCEDURES MUST BE FOLLOWED:
 "EVERY STATE OFFICER AND THE HEADS OF ALL DEPARTMENTS, BOARDS, COMMISSIONS, AGENCIES AND INSTITUTIONS OF THE STATE OF OKLAHOMA WHO HAVE IN THEIR CUSTODY PUBLIC RECORDS AND ARCHIVES DEEMED BY THEM TO BE UNNECESSARY FOR THE TRANSACTION OF THE BUSINESS OF THEIR OFFICES SHALL CONSULT WITH THE STATE LIBRARIAN FOR THE PURPOSE OF DETERMINING IF SUCH RECORDS AND ARCHIVES ARE DESIRED FOR DEPOSIT IN THE ARCHIVES DIVISION OF THE OKLAHOMA STATE LIBRARY. UPON CERTIFICATION BY THE STATE LIBRARIAN THAT SUCH RECORDS AND ARCHIVES ARE OR ARE NOT DESIRED FOR SUCH PURPOSE, THEN SUCH CUSTODIAN SHALL, IN CONFORMITY WITH SUCH DETERMINATION, APPLY TO THE COMMISSION FOR AUTHORIZATION TO DESTROY OR TRANSFER SUCH RECORDS AND ARCHIVES TO THE OKLAHOMA STATE LIBRARY AS HEREINAFTER PROVIDED. UPON THE FILING OF SUCH APPLICATION THE COMMISSION SHALL HAVE AUTHORITY TO AUTHORIZE OR DIRECT THE DISPOSITION OF SUCH RECORDS AND ARCHIVES BY ANY ONE OR MORE OF THE FOLLOWING METHODS: 1. BY DESTRUCTION; PROVIDED THAT, THE COMMISSION SHALL NOT AUTHORIZE DESTRUCTION OF RECORDS AND ARCHIVES LESS THAN FIVE (5) YEARS OLD EXCEPT UPON A SHOWING OF GOOD CAUSE BY THE AGENCY OR THE ARCHIVES AND RECORDS DIVISION OF THE OKLAHOMA DEPARTMENT OF LIBRARIES AND A UNANIMOUS VOTE OF THE MEMBERS OF THE COMMISSION, OR THEIR DESIGNEES, PRESENT. 2.13 TRANSFER TO THE CUSTODY AND CONTROL OF THE OKLAHOMA STATE LIBRARY AND THERE RETAINED. THE STATE LIBRARIAN MAY, IN HIS DIRECTION, MICROFILM SUCH RECORDS AND ARCHIVES, ESPECIALLY IF DOING SO WOULD AID IN THE PRESERVATION OF THEIR CONTENTS. 3. BY TRANSFER TO THE OKLAHOMA STATE LIBRARY WITH AUTHORIZATION TO THE STATE LIBRARIAN TO MICROFILM SAID RECORDS AND ARCHIVES AND UPON THE COMPLETION OF THIS PROCESS TO DESTROY SAID RECORDS AND ARCHIVES IN ACCORDANCE WITH THE ORDER OF THE COMMISSION." 67 O.S. 306 (1991). THE BOARD IS REQUIRED TO DISPOSE OF THE RECORDS IN ACCORDANCE WITH THESE PROCEDURES.
IT IS, THEREFORE, MY OPINION THAT THE BOARD IS NOT REQUIRED BY LAW TO TAKE POSSESSION OF THE STUDENT RECORDS OF CLOSED PRIVATE VOCATIONAL SCHOOLS, BUT IF THE BOARD CHOOSES TO RECEIVE SUCH RECORDS, IT MUST FOLLOW THE PROVISIONS OF THE OPEN RECORDS ACT EXCEPT TO THE EXTENT THAT FEDERAL LAW AND OTHER RELATED LAWS REQUIRE THAT STUDENT RECORDS BE KEPT CONFIDENTIAL. THE BOARD MUST ALSO FOLLOW THE RECORDS MANAGEMENT ACT AND THE PROCEDURES OUTLINED IN 67 O.S. 306 (1991) FOR DISPOSING OF SUCH RECORDS.
(BRETT ROBINSON)